■ In the Matter of ANTHONY D. AMAKER, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [838 NYS2d 921]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner failed to comply with a correction officer's order to move to a double-bunk cell. As a result, he was charged in a misbehavior report with refusing a direct order and refusing a double-bunk assignment. At the tier III disciplinary hearing, the Hearing Officer reviewed certain paperwork and agreed that petitioner was not supposed to be housed in a double-bunk cell. Consequently, petitioner was found not guilty of refusing a double-bunk assignment, but guilty of refusing a direct order. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with petitioner's admission that he did not comply with the order, provide substantial evidence supporting the determination of guilt (*see Matter of Johnson v Goord*, 33 AD3d 1173 [2006]; *Matter of Amaker v Carpenter*, 28 AD3d 828, 829 [2006]). Petitioner was not entitled to refuse to obey the order even if he felt that it was not authorized (*see Matter of Parrilla v Senkowski*, 300 AD2d 870, 871 [2002], *lv denied* 99 NY2d 510 [2003]). His recourse was to file a grievance (*see id.*). Petitioner's remaining contentions have either not been preserved for our review or are lacking in merit.

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.